1  Joseph M. Mistretta
   3917 E. Marilyn Rd.
2  Phoenix, AZ  845032
   (480) 626-3743
3

5

6               IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9  Joseph M. Mistretta,           )
                                  )
10            Plaintiff,           )   CV-12-02059-PHX-FJM
                                  )
11  vs.                            )   COMPLAINT
                                  )
12  KAHN SWICK & FOTI, LLC,        )
    and LEWIS KAHN,               )   JURY TRIAL REQUESTED
13            Defendants.          )

14

15                              **Jurisdiction**

16     Plaintiff resides in the jurisdiction of The District of Arizona of The United States

17  District Court.

18     Defendants Solicited their services in and forwarded the contract for these services to

19  the jurisdiction of The District of Arizona.  This will be outlined in the Complaint.

20                              **Complaint**

21     Joseph M. Mistretta, Plaintiff, Pro Se, brings this action on his own behalf.  On August

22  3, 2011, a corporation named Dendreon, Inc., of which the Plaintiff was a shareholder,

23  announced that their future financial and operational results would be well below what the

24  analysts' were forecasting.  This caused their share price to decline 60%, or $22.00, to a price of

25  $13.50 per share.  As a result of this, Plaintiff lost the sum of $25,400.

26  On August 4, 2011, after seeing Defendants' name on a investors' website, Plaintiff
27  contacted Defendant through an email. Defendant stated that they were in the process of
28  drafting a class-action complaint against Dendreon. Mr. Kahn asked if I would like to be a part
29  of the class-action.
30  Plaintiff responded that he was interested, but needed additional information. Mr. Kahn
31  stated that he would email Plaintiff a copy of the complaint of which they were going to file
32  against Dendreon.
33  On August 5, 2011, Mr. Kahn, through Bronwyn Gibson, emailed to Plaintiff 1) A copy
34  of the Complaint which was to be filed against Dendreon, 2) A Retention Agreement For Legal
35  Representation, and 3) A Certification Pursuant To Securities Laws.
36  On August 5, 2011, Plaintiff faxed to Defendants a signed copy of the 1) Certification
37  Pursuant To Securities Laws, including the schedule of loses incurred by Plaintiff relating to the
38  Dendreon Complaint and 2) A signed copy of the Retention Agreement For Legal
39  Representation.
40  On August 5. 2011, Plaintiff contacted Mr. Kahn by email to verify that the Defendants
41  received the fax. Mr. Bronwyn responded that day that they had receive the complete fax.
42  On August 10, 2011, Plaintiff sent Mr. Bronwyn an email requesting a status of the case.
43  Mr. Kahn responded to the Plaintiff's request that same day. He stated that the case
44  would be slow moving, and the litigation would take a long time.
45  On August 18, 2011, Plaintiff sent an email to Mr. Kahn asking for information on the
46  status of the case. Mr. Kahn responded the next day. He stated that the court had not chosen
47  KAHN SWICK & FOTI, LLC as counsel, but the case had been assigned to another firm by the
48  court.

49              **Demand**

50              First Claim

51              Negligence

52   Defendants did not inform Plaintiff that their firm was not assigned The Dendreon

53 Class-action suit for one year, and this was only because the Plaintiff contacted them to check

54 on the status. This has impacted Plaintiff's ability to pursue a claim against Dendreon.

55 Due to the Defendants' lack of professionalism, Plaintiff requests that the court find that the

56 Defendants are liable for negligence. Plaintiff ask for compensatory damages of twenty-five

57 thousand four hundred dollars. Plaintiff also asks for punitive damages to be determined at trial.

58              Second Claim

59           Breach of Fiduciary Responsibility

60   Plaintiff re alleges allegations contained above as if set forth in this claim.

61   Attorneys have a fiduciary responsibility to their clients, even before, the interest of

62 themselves. Defendants did not present themselves in this manner to the detriment of the

63 Plaintiff. Plaintiff ask for compensatory damages of twenty-five thousand four hundred

64 dollars. Plaintiff also asks for punitive damages to be determined by the jury.

65              Third Claim

66             Breach of Contract

67   Defendants did not follow the procedures outlined in the contract which they presented

68 to the Plaintiff. Plaintiff requests a claim for breach of contract and asked to be awarded

69 compensatory damages of twenty-five thousand four hundred dollars.

70

71

72    Dated this 28th day of September, 2012

*/s/ J M Mistretta*

Joseph M. Mistretta
3917 E. Marilyn Rd.
Phoenix, AZ 85032
(480) 626-3743