**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph M. Mistretta, | ) | No. CV-12-02059-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Kahn Swick & Foti LLC et. al., | ) | |
| Defendants. | ) | |

The court has before it defendants Kahn Swick & Foti LLC and Lewis S. Kahn's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim (doc. 5), plaintiff's response (doc. 12), defendants' reply (doc. 13), and plaintiff's sur-reply (doc. 14), which we ignore because LRCiv 7.2 does not allow responses to replies.

Plaintiff alleges he retained defendants to represent him in a class action law suit against Dendreon Corporation ("Dendreon") to recover the sum of $25,400, which he claims he lost as a result of Dendreon's alleged securities fraud. Defendants, as well as several other putative plaintiffs' attorneys, filed class action securities fraud complaints against Dendreon and related defendants in the United States District Court for the Western District of Washington. The district court consolidated the complaints and appointed Bernstein Litowitz Berger & Grossman LLP as lead plaintiffs' counsel. See In re: Dendreon Corporation Class Action Litigation, C11-1291JLR (W.D. Wa.), Dec. 19, 2011 Order on Motions for Consolidation, Dkt. # 50. Plaintiff claims that defendants failed to inform him that they had

not been appointed lead counsel. On September 28, 2012, plaintiff filed this action alleging that defendants are liable for negligence, breach of fiduciary duty, and breach of contract. Plaintiff seeks to recover $25,400, plus punitive damages in connection with the negligence and breach of fiduciary duty claims.

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P., on the grounds that we lack diversity jurisdiction because the amount in controversy does not exceed $75,000. See 28 U.S.C. § 1332(a). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Crum v. Circus Circus Enterprises, 231 F.3d 1102, 1106 (9th Cir. 2000). The "legal certainty standard" means we have jurisdiction unless "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010). The suit cannot involve the necessary amount "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir. 1986). Where a defendant challenges the plaintiff's allegation as to the amount in controversy, the plaintiff has the burden to show that "it does not appear to a legal certainty that [the] claim is for less than the required amount." United States v. Southern Pac. Transp. Co., 543 F.2d 676, 682 (9th Cir. 1976) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–89, 58 S. Ct. 586, 590, 82 L.Ed. 845 (1938)).

Here, the sum of $25,400 that plaintiff pleads on the face of his complaint is well below the $75,000 threshold for federal jurisdiction in a diversity action. Plaintiff argues that the punitive damages alleged could far exceed the jurisdictional threshold. Punitive damages may be included in determining the amount in controversy if they are recoverable under applicable law. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 64 S. Ct. 5, 88 L.Ed. 15 (1943); Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). To recover punitive damages in Arizona, a plaintiff must prove by clear and convincing evidence that

- 2 -

the defendant engaged in aggravated and outrageous conduct with an "evil mind." Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326, 331-32, 723 P.2d 675, 680-81 (1986). A defendant acts with the requisite evil mind when he is "aware of the evil of his actions, of the spitefulness of his motives or that his conduct is so outrageous, oppressive or intolerable in that it creates a substantial risk of tremendous harm to others. Linthicum, 150 Ariz. at 330, 723 P.2d at 679 (citation omitted).

Plaintiff provides no evidence that he is likely to recover punitive damages in this case. None of the facts alleged in the complaint establish or suggest that defendants engaged in aggravated and outrageous conduct with an "evil mind." Moreover, plaintiff makes no allegations as to what specific amount, if any, he might recover in punitive damages. Plaintiff cannot meet his burden by simply stating that the amount of punitive damages awarded *could* exceed the jurisdictional threshold. Although plaintiff cites a case in which the court awarded punitive damages, he does not compare the facts of that case with the facts in this case to show that he would similarly recover punitive damages. Accordingly, plaintiff fails to meet the requisite burden of proof to establish recovery of punitive damages in Arizona.

Because plaintiff provides no evidence to overcome the legal certainty that the amount of punitive damages coupled with the other relief that plaintiff seeks is "for less than the required amount," this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). Southern Pac. Transp. Co., 543 F.2d at 682.[1]

**IT IS THEREFORE ORDERED GRANTING** defendant's motion to dismiss for lack of subject matter jurisdiction (doc. 5). Plaintiff is advised that he may refile this action in state court within six months of its termination in federal court. A.R.S. § 12–504. We urge plaintiff to seek the advice of a lawyer. If he does not have one, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434. He also

---

[1] Because we do not have subject matter jurisdiction, we do not determine whether plaintiff has failed to state a claim upon which relief can be granted.

1  may wish to contact plaintiffs' counsel in the class action referred to in the motion.

2  DATED this 27th day of March, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge

- 4 -